UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL NEAL HART, | Case No.: 1:20-cv-00764-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO RECHARACTERIZE AND TRANSFER PETITION FOR WRIT OF HABEAS CORPUS |
| A. CIOLLI, | |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on June 2, 2020 in this Court, challenging a 2005 conviction in the United States District Court for the Middle District of North Carolina. For reasons that follow, the Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), and therefore, the Court lacks jurisdiction. Insofar as it appears Petitioner has not brought his challenge by way of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, the Court will recommend the petition be RECHARACTERIZED as a § 2255 motion and TRANSFERRED to the United States District Court for the Middle District of North Carolina.

1

## BACKGROUND

Petitioner is currently serving a 180-month sentence for his 2005 conviction in the United States District Court for the Middle District of North Carolina for possession of ammunition in commerce by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 1 at 44-45.) Petitioner's conviction was affirmed on direct appeal in the Fourth Circuit Court of Appeal. See United States v. Hart, 2006 WL 1476913 (4th Cir. 2006). Petitioner then petitioned for writ of certiorari in the United States Supreme Court, and the petition was denied on October 2, 2006. See Hart v. United States, 549 U.S. 930 (2006).

On June 2, 2020, Petitioner filed the instant habeas petition. He claims his conviction and sentence are invalid because the government failed to prove that he "knowingly" possessed ammunition in violation of federal law.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e).  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion.  Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1060.

In this case, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Middle District of North Carolina, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the North Carolina District Court, not a habeas petition pursuant to § 2241 in this Court.  Moreover, section 2241 is unavailable because Petitioner does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claims.

3

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. Petitioner claims the government failed to establish that he knew or was given prior notice that it was unlawful for him to possess ammunition. Petitioner cites to Rehaif v. United States, 139 S.Ct. 2191 (2019), which held that to convict a defendant under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194. However, Petitioner's contentions that new law applies or that a legal element was not met are not the same as a claim of actual innocence. Petitioner does not allege that he did not commit the acts underlying his conviction, much less prove his factual innocence. Thus, Petitioner does not satisfy the actual innocence prong of the savings clause.

B. Unobstructed Procedural Opportunity

As noted above, "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). In this case, it does not appear that Petitioner has filed a motion to vacate, set aside, or correct sentence in the sentencing court. Thus, a procedural opportunity to present his claim remains available to Petitioner, and there is no reason to conclude that the remedy is inadequate or ineffective.

To the extent that Petitioner may contend that filing a § 2255 motion would be futile because the statute of limitations has run, the mere fact that it may be time-barred is insufficient to invoke the savings clause. See Ivy, 328 F.3d at 1060. The fact that "§ 2255's gatekeeping provisions" may now prevent consideration of a § 2255 motion does not mean Petitioner never had an unobstructed procedural shot to raise his claim. Id. at 1059.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the Court lacks jurisdiction to consider the petition.

### C.     Recharacterization and Transfer

The Court must therefore determine whether to recharacterize the petition as a § 2255 motion and transfer it to the sentencing court, or dismiss it. The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. The statute provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631 (2000). Transfer is appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Kolek v. Engen, 869 F.2d 1281,1284 (9th Cir.1989).

The first condition is met here, as discussed above, as is the second. Because this would be petitioner's first attempt at seeking collateral relief in a § 2255 motion, it would not be subject to the restriction of a second or successive motion.

Whether the recharacterization and transfer of the Petition would be in the interest of justice is less clear. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)). Although the time to file a § 2255 motion has already elapsed and thus any § 2255 motion would be time-barred, the court recognizes that the statute of limitations is not jurisdictional and may be waived by the government. Because the only other option is dismissal, the interest of justice weighs in favor of transfer.

/////

/////

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be RECHARACTERIZED as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and that the action be TRANSFERRED to the United States District Court for the Middle District of North Carolina.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2020**                           /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE